**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTHONY CARDILLO, et al.,

                Plaintiffs,

v.

WAL-MART STORES, INC., et al.,

                Defendants.

Civil Action No. 14-2879 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiffs Anthony and Christina Cardillo's ("Plaintiffs") motion to remand the action to state court. Plaintiffs bring suit for injuries allegedly suffered by Anthony Cardillo ("Cardillo") when several boxes fell on him while in the Manahawkin store of Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), which was managed by Defendant Carolyn Napoleon ("Napoleon") (collectively "Defendants"). Defendants removed the action to this Court on the basis of diversity jurisdiction, despite Defendants' acknowledgment of a lack of complete diversity. Defendants assert that Defendant Napoleon was sued expressly for the purposes of avoiding federal jurisdiction, or fraudulently joined.

    Plaintiffs reject Defendants' assertion of fraudulent joinder and now seek an order remanding the case to state court and an award of costs and fees associated with the motion. (Motion to Remand, ECF No. 5.) Defendants have opposed the motion (ECF No. 7), and Plaintiffs filed a reply (ECF No. 8).

The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaintiffs' motion to remand is granted, and Plaintiffs' request for costs and fees is denied.

## I. Background

Plaintiffs bring suit in connection with injuries sustained by Cardillo while on the premises of Wal-Mart's store in Manahawkin, New Jersey. On or about December 13, 2012, Cardillo was injured when several boxes containing Christmas trees fell on him while inside the store. (Notice of Removal, Ex. A., Complaint 1-2, ECF No. 1-1.) Napoleon worked as a manager at the Manahawkin store. Plaintiffs assert that Cardillo's injuries are a result of Defendants' negligence. (*Id.*)

Plaintiffs filed a complaint in the Superior Court of New Jersey, Ocean County, Docket Number OCN-L-865-14. The Complaint asserts two claims against both Defendants, a claim for negligence and claim for loss of consortium. (*Id.* at 1-3.) Wal-Mart filed a notice of removal. (ECF No. 1.) In the notice of removal, Wal-Mart states that this Court possesses jurisdiction over the matter; Plaintiffs are residents of New Jersey, and Wal-Mart is a Delaware corporation. Wal-Mart asserts that, Napoleon, a New Jersey resident, was fraudulently joined for the purposes of eliminating diversity jurisdiction, and thus there is diversity jurisdiction. (*Id.* ¶¶ 8-10, 14, 27.)

## II. Analysis

### A. Fraudulent Joinder

As courts of limited authority, federal courts must possess subject matter jurisdiction in order to adjudicate claims. Where a federal court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

2

remanded.") Defendants have removed this case expressly on the basis of diversity jurisdiction (Notice of Removal ¶¶ 8-9, ECF No. 1 (citing 28 U.S.C. §§ 1332, 1441(a)-(b))), and Plaintiffs have not asserted any claim under federal law. Section 1332 confers subject matter jurisdiction on federal courts where there is complete diversity of the parties—"[t]hat is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Plaintiffs, New Jersey residents, correctly point out that Napoleon is also from New Jersey and argue that, as a result, complete diversity is lacking. Defendants respond asserting that Napoleon's inclusion in this suit constitutes fraudulent joinder—that is, she was joined for no other reason than to defeat jurisdiction. Accordingly, if Defendants cannot establish that Plaintiffs fraudulently joined Napoleon, the action must be remanded.

A defendant may remove an action despite a lack of diversity if a showing of fraudulent joinder is made. "The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006). "[I]f non-diverse defendants were . . . joined solely to defeat diversity jurisdiction," a diverse defendant can still remove the action to federal court. *Id.* at 216. There is fraudulent joinder if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal quotations omitted). While a court "must look beyond the face of the complaint for indicia of fraudulent joinder," an in-depth review of the merits is inappropriate, and "the fact that the plaintiffs' motive for joining a . . . defendant is to defeat diversity is not considered indicative of fraudulent joinder." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29, 32-33 (3d Cir. 1985).

In seeking to establish fraudulent joinder, "the removing party carries a heavy burden of persuasion." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). Section 1441 is to be strictly construed in favor of remand and against removal. *Id.* All factual allegations in the complaint are assumed true, and "any uncertainties as to the current state of controlling substantive law" are to be resolved in the plaintiff's favor. *Id.* at 851-52. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111 (internal quotation omitted). Furthermore, the Court's inquiry is less searching than a motion for failure to state a claim; rather, the Court must determine whether the claims asserted against Napoleon are "not even colorable, *i.e.*, [are] wholly insubstantial and frivolous." *Batoff*, 977 F.2d at 852.

Here, Defendants claim that Plaintiffs named Napoleon solely for the purpose of destroying diversity jurisdiction and assert that the Complaint fails to assert allegations linking Napoleon to the incident other than by way of her being a manager at the store at the time of the accident. (Notice of Removal ¶ 27.) Plaintiffs' Complaint alleges, however, that Wal-Mart and Napoleon, an employee of Wal-Mart, owned, operated, and managed the premises where Cardillo was injured, and were negligent. (*Id.*, Ex. A, Complaint ¶¶ 2, 3.) These allegations alone are sufficient to establish colorable, non-frivolous claims against Napoleon and to defeat an assertion of fraudulent joinder. As Plaintiffs correctly point out, "when an employee performs an act that is otherwise a tort, the employee is not relieved of liability simply because he or she acted on behalf of the employer." *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 762 (1989). Defendants argue that Plaintiffs have not set forth sufficient allegations linking Napoleon to conduct that may have resulted in the harm suffered by Cardillo. Defendants also aver, in their

4

notice of removal, that Napoleon was not the store manager at the Manahawkin store at the time of the alleged accident; rather, she was an assistant manager. (Notice of Removal ¶ 23 & n.1.) However, the ultimate sufficiency of the allegations contained in the Complaint is not the focus of the Court's determination. *See Batoff*, 977 F.2d at 852 ("[I]t is possible that a party is not fraudulently joined, but that the claim against that party is ultimately dismissed for failure to state a claim upon which relief may be granted."). Moreover, any asserted motive on the part of Plaintiffs to avoid federal jurisdiction is "not considered indicative of fraudulent joinder." *Abels*, 770 F.2d at 32. Accordingly, the Court finds that Plaintiffs' claim is not "wholly insubstantial and frivolous," and thus jurisdiction is lacking. *Batoff*, 977 F.2d at 852. As a result, the case is remanded to state court.[1]

### B. Attorneys' Fees

Plaintiffs also request that the Court award them their costs and fees associated with bringing the motion to remand pursuant to Section 1447(c). Under Section 1447(c), a court may award attorney's fees if the removing party lacked an objectively reasonable basis seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Plaintiffs ask the Court to award costs and fees associated with filing this motion, asserting that Defendants did not have a

---

[1] The Court notes that Defendants' removal of this action was procedurally defective. A state court action cannot be removed on the basis of diversity "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83-84, 90 (2005). Here, because Napoleon is a citizen of New Jersey and the action was initially brought in a New Jersey court, removal was defective. However, a defect in the removal procedure must be identified by either a plaintiff or the Court within thirty days, 28 U.S.C § 1447(c), and the defect in question is strictly procedural rather than jurisdictional. *Korea Exch. Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 50-51 (3d Cir. 1995). Even though Plaintiffs' motion was brought within thirty days, Plaintiffs base the motion strictly on jurisdictional grounds; accordingly, the Court cannot remand on this basis. *See id.* ("[I]t is clear that this irregularity must be the subject of a motion to remand within [thirty] days after filing the notice of removal" regardless if brought by motion or *sua sponte*.)

reasonable basis for removal. Defendants contend that removal was based on a good faith belief that Napoleon was named to defeat diversity jurisdiction. Here, an award of costs and fees is not appropriate. Although Defendants' removal of the action reflects a misunderstanding of the strict standard for evaluating a claim of fraudulent joinder, the Court does not find that the assertion of fraudulent joinder doctrine was not objectively reasonable.

## III. Conclusion

For the reasons set forth above, the Court finds that the matter must be remanded. Plaintiffs' request for costs and fees is denied.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** December 12th, 2014